**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**LEKEITH M. RAWLS**                                                                 **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO.  1:05cv56-LG-JMR**

**GEORGE H. PAYNE, JR., DIANNE G. RILEY,**
**PHIL TAYLOR, and UNKNOWN DEFENDANTS**                 **DEFENDANTS**

**ORDER**

This matter comes before this Court on the plaintiff's Motion to Substitute Names for John Does [34-1].  Having considered the plaintiff's Motion [34-1], the defendants' Motion in Opposition [36-1] and the relevant law, this Court finds that the plaintiff's Motion [34-1] is not well-taken and should be denied.

The plaintiff filed his Complaint on February 3, 2005, naming George H. Payne, Jr., Dianne G. Riley, Phil Taylor, and "John Does" as the defendants. On June 3, 2005, summons was returned executed for all named defendants.  The named defendants filed their answer to the plaintiff's complaint, along with requests for interrogatories, production and admissions on June 8, 2005.  The plaintiff filed his responses to the requested discovery and served his requests on the defendants on July 1, 2005.  On July 29, 2005, the named defendants submitted their responses to the plaintiff's discovery requests.  On October 25, 2005, the named defendants filed notice of service of supplemental responses to the plaintiff's discovery requests.  The named defendants then filed their Motion for Summary Judgment [32-1] and Memorandum in Support [33-1] on November 8, 2005. The plaintiff filed his Motion to Substitute Names for John Does [34-1] on November 17, 2005; to which the named defendants filed a Response in Opposition [36-1] on November 23, 2005.

Rule 15 of the Federal Rules of Civil Procedure allows amendment of pleadings under certain circumstances and that "leave shall be freely granted when justice so requires." A party may amend its pleading after a responsive pleading has been served ". . . only by leave of the court or by written consent of the adverse party." FED.R.CIV.P. 15(a). However, "leave shall be freely given when justice so requires." *Id.* While leave is to be freely given, it is not required where good reason otherwise necessitates, such as in instances of futility of the amendment; undue prejudice to the opposing party; or the plaintiff's undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed. *Freeman v. Continental Gin Co*, 381 F.2d 459, 468-469 (5th Cir. 1967) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The decision to grant or deny a motion to amend is entrusted to the sound discretion of the court. *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991). This decision will be overturned on appeal only for abuse of discretion. *Davis v. U.S.* 961 F.2d 53, 57 (5th Cir. 1991). The pleadings of pro se petitioners are to be construed liberally. *See McGruder v. Phelps*, 608 F.2d 1023, 1025 (5th Cir. 1979) (citing *Haines v. Kerner*, 404 U.S. 519 (1972)). This Court is of the opinion that the plaintiff's Motion [112-1] should be denied.

The petitioner received all discovery from the defendants by October 25, 2005. He chose not to file a motion to substitute the names of the "John Doe" defendants until November 17, 2005, nine (9) days after the named defendants filed their Motion for Summary Judgment. Further, this motion is untimely as the petitioner signed it on November 16, 2005, and filed it on November 17, 2005, well after the November 8, 2005, motions deadline. It is therefore,

ORDERED AND ADJUDGED that the plaintiff's Motion to Substitute Names for John Does [34-1] should be and is hereby denied.

SO ORDERED this __15th__ day of December, 2005.

_____s/ John M. Roper, Sr._____
CHIEF UNITED STATES MAGISTRATE JUDGE